IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARVY DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) 06 C 6453 |
| | ) ) Judge Ronald A. Guzmán |
| GREGORY P. FIRKUS,[1] | ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Harvy Davis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that seeks to vacate his conviction for possession of a controlled substance with intent to deliver. For the reasons provided in this Memorandum Opinion and Order, the Court denies the petition.

**Facts**

On June 19, 2004, Davis was convicted of possession of a controlled substance with intent to deliver. (Pet. ¶¶ 2-3; Answer ¶ 3; *see* Gov't Ex. I, *People v. Davis*, No. 1-04-2684, slip op. at 1 (Apr. 17, 2006).) The Adult Probation Department of the Circuit Court of Cook County prepared a pre-sentencing investigation report ("PSI"). (Answer ¶ 3.)

On August 16, 2004, the trial court held a sentencing hearing at which the defense counsel stated that the PSI had been reviewed and that there were no corrections. (Gov't Ex. C,

---

[1]Because Davis is currently on parole, the proper respondent is Jesse Montgomery, Deputy Director of the Department of Corrections, Parole Division. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, in its discretion, the Court will proceed as if Davis had named the proper respondent in the caption of his petition.

Sentencing Hr'g Tr. at S5-6.)  The government argued that Davis was eligible for a sentence enhancement based on two prior convictions for burglary pursuant to 730 Ill. Comp. Stat. 5/5-5-3(c)(8) (2004).[2]  (Gov't Ex. I, *People v. Davis*, No. 1-04-2684, slip op. at 1 (Apr. 17, 2006).) The trial court agreed and stated that due to his two burglary convictions in 1980 and 1985, the Criminal Code mandated that he be sentenced as a Class X offender. (*Id.*) Defense counsel did not address Davis' Class X status at the sentencing hearing. (Gov't Ex. C, 8/16/04 Hr'g Tr. at S7-9.) The trial court sentenced Davis to a six-year prison term. (*Id.* at S9-10.)

On August 27, 2004, Davis moved to reconsider his sentence. (Gov't Ex. D, Mot. Reconsider Sentence.) David argued that the government failed to prove beyond a reasonable doubt his eligibility for an enhanced penalty or extended term and the trial court improperly sentenced him as a Class X offender. (*Id.* ¶¶ 4-5.) At the hearing on the motion, the trial court denied it. (Gov't Ex. E, 9/7/04 Hr'g Tr. at T3.)

In his direct appeal, Davis argued that the enhancement of his sentence from a Class 2 offender to a Class X offender violated his right to due process. (Gov.'s Ex. F, Def.-Appellant's Br. 9.) On April 17, 2006, the appellate court affirmed his conviction and sentence. (Gov't Ex. I, *People v. Davis*, No. 1-04-2684, slip op. at 1-2 (Apr. 17, 2006).)

---

[2]This statute provides in pertinent part:

> When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second.

Davis filed a petition for leave to appeal to the supreme court arguing the same issue he raised on appeal. (Gov't Ex. J, Pet. Leave Appeal 6.) On September 27, 2006, the supreme court denied leave to appeal. (Gov't Ex. K, *People v. Davis*, No. 102701, slip op. at 1 (Sept. 27, 2006).)

Davis then filed a *pro se* petition for writ of habeas corpus. (Pet. 1.) The petition alleges that the state trial court violated his right to due process when it enhanced his sentence by finding, based upon the information in the PSI, that petitioner had committed certain prior offenses. (*Id.* 5.) The government concedes that the petition has been timely filed under 28 U.S.C. § 2244(d)(1)(A), (2). (Answer ¶ 14.) In addition, the government concedes Davis has exhausted his state court remedies with respect to the claim raised in his habeas petition. (Answer ¶ 13.) Accordingly, the Court may proceed to the merits of the petition.

## Discussion

Davis is entitled to a writ of habeas corpus only if he demonstrates that the state court's decision was "contrary to . . . clearly established Federal law," involved "an unreasonable application of" that law, or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d) (1)-(2). A decision is "contrary to" clearly established federal law if it "contradicts the governing law of the U.S. Supreme Court" or "on a set of facts materially indistinguishable from those at issue in the applicable Supreme Court precedent, reache[s] a different result." *Ward v. Sternes*, 334 F.3d 696, 703 (7th Cir. 2003). A state court unreasonably applies federal law if it "correctly identifie[s] the governing Supreme Court precedent, but unreasonably applie[s] it to the unique facts of the prisoner's case." *Id.* A decision is based on an unreasonable determination of the facts, "[i]f the petitioner can show that the state court

determined the underlying factual issue against the clear and convincing weight of the evidence." *Id.* at 704.

Davis argues that his due process rights were violated when the trial court, not a jury, determined that he had twice committed burglary after February 1, 1978, *i.e.*, the effective date of 730 Ill. Comp. Stat. 5/5-5-3(c)(8), and twice been convicted for burglary and therefore subject to mandatory sentencing as a Class X offender. In order to understand Davis' claims, the Court briefly discusses the limitations the Supreme Court has placed on the use of judicial fact-finding during sentencing.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), the Supreme Court held that the existence of a prior conviction need not be proven to a jury and may be determined by the judge at sentencing. In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 US. 296, 311-12 (2004), the Supreme Court iterated its holding in *Apprendi* and held that a sentencing procedure violates the Sixth Amendment when a judge finds factors, other than the fact of conviction, that increase a sentence beyond the maximum allowed by jury findings alone. In *Shepard v. United States*, 544 U.S. 13, 26 (2005), the Supreme Court held that when a trial court looks beyond the fact of conviction in order to determine whether a prior conviction qualifies as a violent felony under the Armed Career Criminal Act, it must limit its review to the terms of the charging document, the plea agreement, or the transcript of the plea colloquy that confirms the factual basis for the offense. *Id.*

In the instant case, the appellate court cited *Shepard* and three decisions upholding the constitutionality of 730 Ill. Comp. Stat. 5/5-5-3(c)(8) against *Shepard* challenges. *See People v. Rivera*, 841 N.E.2d 532, 536-57 (Ill. App. Ct. 2005); *People v. Matthews*, 842 N.E.2d 150, 159-61 (Ill. App. Ct. 2005); *People v. Yancy*, 858 N.E.2d 454, 460-65 (Ill. App. Ct. 2005). The appellate court adhered to the holdings of these cases and rejected Davis' constitutional challenge to the statute because, unlike in *Shepard*, where the sentencing court relied on police reports to make findings of fact related to the elements of an underlying crime that would make such crimes predicate offenses for sentence enhancement, the sentencing court merely determined the sequence of prior convictions, dates of commission, and the defendant's age in determining whether 730 Ill. Comp. Stat. 5/5-5-3(c)(8) applied. (Gov't Ex. I, *People v. Davis*, No. 1-04-2684, slip op. at 1-2 (Apr. 17, 2006).) Further, the appellate court agreed with the *Rivera* and *Yancy* courts' rationale that, unlike the police reports in *Shepard*, a PSI is generally a reliable source for determining a defendant's criminal history because both parties provide information to include in the PSI and both have an opportunity to object to its accuracy. (*Id.*) Further, the appellate court adhered to *Yancy*, which held that under *Shepard*, a trial court is entitled to rely on a PSI to decide whether 730 Ill. Comp. Stat. 5/5-5-3(c)(8) applies because PSIs are derived from *Shepard*-approved sources such as indictments and judgments from a defendant's prior convictions. (*Id.*)

It is important to note that Davis did not dispute the dates on which he committed the prior burglary offenses and did not dispute that he had been convicted of the burglaries in 1980 and 1985. (*See* Gov't Ex. C, Sentencing Hr'g Tr. at S5-9.) Unfortunately for Davis, this admission, coupled with the fact that the trial court relied on the PSI that referenced the charging documents in determining the facts of his prior felony convictions (*see id.*), dooms his *Shepard* claim. *See,*

*e.g., United States v. Peters*, 462 F.3d 716, 719 (7th Cir. 2006) (holding that, together, failure to dispute prior convictions and trial court's reliance on PSI referencing the charging documents' terms "does not run afoul" of *Shepard*). The Court holds that the appellate court's analysis of the facts under *Shepard* is reasonable. Accordingly, the appellate court's affirming the trial court's sentencing Davis as a Class X offender is not contrary to, or an unreasonable application of, *Shepard*.

## Conclusion

For the foregoing reasons, the Court denies Davis' petition for writ of habeas corpus. This case is hereby terminated.

**SO ORDERED**                           **ENTERED:**

December 4, 2008

                                             **HON. RONALD A. GUZMAN**
                                             **U.S. District Court Judge**